IxKNOLL, Judge,
dissenting.
I disagree with the holding of the majority opinion, allowing the amending petition to relate back to the date of the filing of the original petition. I find that plaintiff comes to this court with “unclean hands.” As president and CEO of the affected corporation or corporations, plaintiff had the unique opportunity to name the correct corporate entity as an additional plaintiff in the lawsuit. Instead, plaintiff not only filed suit in the name of a nonexistent corporation, but he continued the charade for several years. Only after thorough discovery did the defendant *887 learn that he had been sued by a non-entity. Allowing plaintiff to play a “shell game,” mixing and matching the identities of his business organizations, definitely prejudiced the defendants in the preparation of their defense.
Furthermore, Giroir’s requirement that the “defendant either knew or should-have known of the existence and involvement of the new plaintiff’ is not met in the instant case. Because of the plaintiffs antics, defendants could not have known of the existence of the entirely new plaintiff, a Texas corporation. In my opinion, Giroir is inapplicable where there has been a fraud upon the court and where a wholly new party is sought to be named. For the foregoing reasons, I respectfully dissent.